UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALL CORPORATION,<br><br>                    Plaintiff,<br><br>-against-<br><br>CLEANSPACE MODULAR, LLC,<br><br>                    Defendant. | Case No. 1:23-cv-02082<br>(JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On March 14, 2023, the Court directed Plaintiff to file a Rule 7.1 Disclosure statement, including all necessary information to establish subject-matter jurisdiction based on diversity in light of Defendant's status as a limited liability corporation ("LLC"). ECF No. 5. On March 16, 2023, Plaintiff filed a Rule 7.1 Disclosure statement, indicating that "[u]pon information and belief, the members of CleanSpace Modular, LLC include CleanSpace Modular, LLC and Allied Construction Management Services, LLC," and providing the place of incorporation and principal place of business for each member LLC. ECF No. 8. However, Plaintiff has still failed to meet its burden of establishing diversity jurisdiction.

As stated in the Court's prior order, "[f]or diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (citing 28 U.S.C. § 1332(c)(1)). A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Plaintiff has indicated that Defendant CleanSpace Modular, LLC has two members: CleanSpace Modular, LLC – which apparently has the same name as Defendant – and Allied Construction management Services, LLC. ECF No. 8 at 2. However, Plaintiff has not identified the members of either of those

two member-LLCs. But "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020). Therefore, because Plaintiff has failed to identify the members and citizenship of Defendant's two member-LLCs, and further up the chain of ownership if necessary, it has failed to establish subject matter jurisdiction.

The Court will afford one more opportunity for Plaintiff to meet its burden of establishing subject-matter jurisdiction. Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, no later than **April 4, 2023**, file a letter, supported by one or more sworn affidavits, that provide the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the identity and citizenship of members of the Defendant limited liability company and places of incorporation and principal place of business of Defendant's two member-LLCs.

If Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship by that date, the action will be dismissed, without further notice to the parties.

Dated: March 22, 2023
       New York, New York

                                        SO ORDERED.

                                        JENNIFER L. ROCHON
                                        United States District Judge